SO ORDERED: October 01, 2008.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-8443-AJM-7A |
| FRANK JEFFERSON DAVIS, | ) | |
| a/k/a JEFF F. DAVIS, | ) | |
| Debtor. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 07-50635 |
| | ) | |
| FRANK JEFFERSON DAVIS, | ) | |
| a/k/a JEFF F. DAVIS, | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**and SUMMARY JUDGMENT**

This matter comes before the Court on the United States of America's ("Plaintiff's") Complaint to Determine Dischargeability of Debts filed on December 7, 2007. The Defendant, Frank Jefferson Davis ("Davis"), filed his *pro se* answer on January 16, 2008. The United States filed its Motion for Summary Judgment on July 7, 2008. Included with the filing was a

Declaration of Alan Watts ("Watts Dec."). Davis failed to respond to the Motion for Summary Judgment. Having reviewed the documents filed, the Court now issues the following Judgment:

**Findings of Fact**

1. Davis is a debtor in this bankruptcy case filed on August 31, 2007.

2. On Schedule F, as amended by a filing on December 19, 2007, Davis listed a claim in the amount of $52,724.00 based upon a "complaint filed December 7, 2006, against him for alleged environmental violations." The "Account No." listed was TSCA-05-2007-002. The creditor's name listed was "chief of Chemicals Management Branch, Land and Chemical Division, Region 5, U.S. EPA, 77 West Jackson Blvd., Chicago, IL 60604." In an Amended Statement of Financial Affairs filed in the bankruptcy, in answer to question 4, which asked for a listing of "all suits and administrative proceedings to which the debtor is or was a party, Davis included a listing for "In the Matter of: Frank J. Davis with a Docket No. TSCA-05-2007-0002." Davis stated that the nature of the proceeding was a "complaint against Frank J. Davis seeking imposition of fines for environmental violations Residential Lead-Based Paint Hazard Reduction Act, et seq."

3. Davis is the same Frank J. Davis against whom an administrative complaint was filed by the United States Environmental Protection Agency ("U.S. EPA") under Cause No. TSCA-05-2007-0002.

4. On December 7, 2006, the U.S. EPA initiated a Complaint before an Administrative Law Judge ("ALJ") against Davis. The Complaint contained multiple counts alleging that Davis had failed to comply with regulations implementing Section 1018 of Title X, the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("Act of 1992"), 42 U.S.C. §

4851, found at 40 C.F.R. Part 745, Subpart F (the "Disclosure Rule"). U.S. EPA asserted that Davis was liable to it for civil penalties of at least $50,634.00 in connection with the alleged violations of the Disclosure Rule. *In the Matter of Frank J. Davis*, 2008 EPA ALJ LEXIS 12, at 1 (March 31, 2008) (*Also available at* ww.epa.gov/oalj/orders *Davis*.)

5. Davis filed an answer to the administrative complaint on January 29, 2007.

6. Pursuant to a Default Order entered on March 31, 2008, the ALJ found that Davis violated the requirements of the Act of 1992. The ALJ assessed a civil penalty in the amount of $37,975.50 ("Civil Penalty") against Mr. Davis. *Davis* at 9-17.

7. Davis took no action to dispute the assessment of the Civil Penalty. Watts Dec. ¶ 10.

8. The Default Order became final on or about May 16, 2008. 40 C.F.R. § 22.27©.

9. The United States of America, acting on behalf of the U.S. EPA, filed a Complaint to Determine Dischargeability of Debts ("Complaint") on December 7, 2007, against Davis.

10. The Complaint asserted that the Civil Penalty owed by Davis to the U.S. EPA was excepted from discharge pursuant to 11 U.S.C. § 523(a)(7).

11. Davis filed a *pro se* answer denying all allegations in Plaintiff's Complaint on January 16, 2008.

12. The U.S. EPA filed its Motion for Summary Judgment on July 7, 2008.

13. Davis was advised as to what he needed to do in response to the Motion for

3

Summary Judgment, by the filing of a Rule 56 Notice to Pro Se Litigant.

14. Davis failed to timely respond to the Motion for Summary Judgment.

### Conclusions of Law

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. Rule 56© of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides that summary judgment is appropriate if "the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P.56©. The party moving for summary judgment bears the initial burden of demonstrating the basis for its motion, and identifying those portions of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To determine whether summary judgment is appropriate, the Court must determine whether any genuine issue of material facts exists. An issue is "material" only if the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). An issue is "genuine" only if the evidence is such "that a reasonable jury could return a verdict for the nonmoving party." *Id.*

3. The U.S. EPA is an independent agency in the executive branch of the United

States of America.

4.  The Civil Penalty imposed upon Davis is a fine or penalty for his violations of regulations promulgated to implement Section 1018 of Title X, Act of 1992, 42 U.S.C. § 4851.

5.  The Civil Penalty is "payable to and for the benefit of a governmental unit." The U.S. EPA is authorized to issue a complaint in accordance with 40 C.F.R. §§ 22.13 and 22.14 on behalf of the Agency to persons alleged to be in violation of the Act of 1992.

6.  The Civil Penalty is not compensation for actual pecuniary loss. *See In re Ott*, 218 B.R. 118, 122 (Bkrtcy. W.D. Wash. 1998).

7.  The Civil Penalty is not discharged in this bankruptcy proceeding, pursuant to 11 U.S.C. § 523(a)(7).

The Court will enter a Judgment Order consistent with these findings and conclusions contemporaneously herewith.

### Judgment

The Court finds that there is no genuine issue of material fact as to the dischargeability under 11 U.S.C. §523(a)(7) of the Civil Penalty, and that the Plaintiff is entitled to judgment as a matter of law. Thus, summary judgment in favor of the Plaintiff is appropriate. Accordingly, and based on the foregoing, the Court hereby finds that the Civil Penalty at issue ($37,975.50) is NOT dischargeable under 11 U.S.C. §523(a)(7), and therefore enters judgment in favor of Plaintiff, United States of America.

IT IS SO ORDERED.

###

DISTRIBUTION:

Jeffrey L. Hunter, AUSA
jeff.hunter@usdoj.gov

Frank J. Davis
1618 Touchstone Drive
Indianapolis, IN 46239